HONORABLE BARBARA J. ROTHSTEIN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| KIT LEE, an individual<br><br>                        Plaintiff,<br><br>        v.<br><br>BERKSHIRE HATHAWAY GUARD INSURANCE COMPANIES, a foreign insurance corporation, AMGUARD INSURANCE COMPANY, a foreign insurance corporation,<br><br>                        Defendant<br><br>                        . | NO. 2:20-CV-1634 BJR<br><br>**AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT, BAD FAITH, VIOLATION OF THE CONSUMER PROTECTION ACT, AND VIOLATION OF THE INSURANCE FAIR CLAIMS ACT** |

Plaintiff, Kit Lee, states his Amended Complaint as follows:

## I.  NATURE OF THIS ACTION

1.      This is a lawsuit for Declaratory Judgment pursuant to 28 U.S.C. § 2201 to obtain a judicial declaration as to Defendants' obligation to provide insurance coverage for Plaintiff in

**AMENDED COMPLAINT** -1

JED POWELL & ASSOCIATES, PLLC
7191 Wagner Way, Suite 202
Gig Harbor, WA 98335
Office 206-618-1753

connection with fire damage to Plaintiff's apartment building located at 2539 13th Ave. S,

Seattle, WA 98144, located in King County Washington (the "Property"); to recover policy

benefits and damages attending Defendants' breach of the insurance contract; and to recover

damages for Defendants' bad faith claims handling practices, violations of the Consumer

Protection Act, and violations of the Insurance Fair Claims Act.

## II.   PARTIES, JURISDICTION AND VENUE

2.1     This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332 (diversity)

and 28 U.S.C. § 2201 (declaratory judgments).  This is a civil action between citizens of different

states, with an amount in controversy exceeding $75,000, exclusive of interest and costs.

2.2     Plaintiff is a Washington resident, a named insured and loss payee under a

Business Owner's Insurance Policy No. KIBP099215 (the "Policy"), the owner of the insured

Property at-issue in this lawsuit, and the owner of the Claim (as defined in the Policy) resulting

from the destruction of the Property at issue in this lawsuit.

2.3     Defendant Berkshire Hathaway Guard Insurance Companies is, on information

and belief, a corporation organized under the laws of a state other than Washington State,

domiciled in Pennsylvania, and doing business in Washington State.

2.4     Defendant AmGuard Insurance Company is, on information and belief, a wholly

owned subsidiary of Defendant Berkshire Hathaway Guard Insurance Companies, and is   a

corporation organized under the laws of a state other than Washington State, domiciled in

Pennsylvania, and doing business in Washington State.

2.5     Defendants insured the Property and Plaintiff.

2.6     Venue is appropriate as at all material times Defendants were doing business in

the Western District of Washington, the facts giving rise to this lawsuit occurred in the Western

District of Washington, and the at-issue insurance policy was sold in the Western District of

Washington.

**AMENDED COMPLAINT** -2

JED POWELL & ASSOCIATES, PLLC
7191 Wagner Way, Suite 202
Gig Harbor, WA 98335
Office 206-618-1753

### III.   RELEVANT FACTS

**A.    The Insurance Contract.**

3.1    Plaintiff purchased the Policy from Defendants.   The Policy is a Commercial/Business Owner's insurance policy covering against all risks of physical loss of, or damage, to the Property, except as expressly excluded.  There are no applicable exclusions.

3.2    The Policy provided coverage for the period October 30, 2019 to October 30, 2020.

3.3    The Policy provides, in relevant part, at least $973,000 limits for the building, at least $10,000 for debris removal, and Actual Loss Sustained up to 12 months for Business Income and Extra Expense losses.

**B.    The Loss Event.**

3.4    On November 7, 2019, a fire occurred at the Property, causing extensive damage to five rental units, stairwells, a sprinkler room and the parking garage.  More than half of the building tenants had to be relocated due to the fire damage.

3.5    On November 7, 2019, immediately on learning about the fire, Plaintiff notified Defendants of the fire and attendant loss.  Defendants provided a claim number and told Plaintiff find a solution to the immediate problem to mitigate damages.  Plaintiff hired Servpro to commence the mitigation work.  Shortly thereafter, Defendants retained Engle Martin & Associates ("EMA"), a Seattle based General Adjuster, to act as their on-scene loss adjusters.

3.6    On November 27, 2019, Plaintiff asked EMA: "Do I submit all claims to you? Or claim at BH Guard?  How Do I claim rent loss?  Please advise.  Thanks."  EMA responded: "Yes, please forward all costs, invoices, loss of rent information and everything else pertaining to the claim to me.  I will then submit the entire claim to the insurance company in a report form for which they are accustomed, to streamline the entire process."

**AMENDED COMPLAINT** -3

JED POWELL & ASSOCIATES, PLLC
7191 Wagner Way, Suite 202
Gig Harbor, WA 98335
Office 206-618-1753

**C.      Claims Handling.**

**1.      Remediation.**

3.7      On November 13, 2019, EMA met with Servpro on scene.    Servpro was performing the mitigation work at the time.   EMA and Servpro agreed on a scope of work for remediation to be billed to Defendants on a Time and Materials ("T&M") basis.      With Defendants' approval, and with assurance that their bill would be paid by Defendants, Plaintiff undertook the remediation work.   Servpro provided EMA with regular update summaries of the work being performed, each time confirming the work was being done on a T&M basis.   After having approved the contract, Defendants never raised any objection to the work being performed on a T&M basis.

3.8      On December 16, 2019, Servpro completed the remediation work.   On January 8, 2020, Servpro provided EMA with an invoice in the amount of $131,895.46 for the remediation work.   Servpro followed up with EMA many times over the next two months trying to get paid for the completed work.   They provided EMA with at least two lien notifications.

3.9      On February 7, 2020, Servpro wrote to EMA:

> Servpro has tried numerous times to reach you via email and by phone with no return response. We are approaching our lien date and would like to resolve the issue regarding payment for mitigation services. The insured is also eager to begin reconstruction services, but this has been on hold due to lack of communication from Guard. Please reply all with an update or contact our office.

EMA did not respond.

3.10      On March 19, 2020, Servpro filed a lien against the Property for the $131,895.46 remediation invoice, plus fees and interest.   Servpro's attorneys, Cairncross & Hempelmann, wrote to Defendants on March 23, 2020 advising them of the lien and asking that the outstanding invoice be paid.   Defendants never responded.

**AMENDED COMPLAINT** -4

JED POWELL & ASSOCIATES, PLLC
7191 Wagner Way, Suite 202
Gig Harbor, WA 98335
Office 206-618-1753

3.11    Plaintiff and Servpro each wrote to EMA and Defendants many times between March 2020 and July 2020 asking what Defendants were doing with the remediation invoice. There was no way Servpro was going to enter into a contract for the repair/reconstruction work without being paid for the remediation work, and Plaintiff wanted the lien released.   Finally, on July 29, 2020, Defendants sent Plaintiff $72,581.17 for the mitigation work—less than one half Servpro's invoice amount.  Defendants' explanation for the underpayment, stated for the first time, was that they do not work with T&M estimates.

3.12    Not knowing what he was supposed to do with the partial payment, Plaintiff wrote to Defendants asking, "What should I do from here?"  On August 6, 2020, Defendants wrote back to Plaintiff saying they were trying to work with Servpro but Servpro was not cooperating.  This was not true.

3.13    On August 7, 2020, Servpro's attorneys wrote to Defendants asking if they needed anything further in order to make full payment of the remediation invoice.  Defendants never responded.

3.14    Defendants have refused to pay the balance owed on the remediation invoice which has now grown to more than $150,000 with accruing fees and interest.  The unsatisfied lien remains on Plaintiff's property to this day.  On November 12, 2020, Servpro filed suit against Plaintiff in Superior Court in King County, Washington.  That lawsuit was tendered to Defendants on November 18, 2020.  Defendants have not accepted the tender or provided defense counsel, so Plaintiff has retained counsel and filed a Notice of Appearance in that matter.

**AMENDED COMPLAINT -**5

JED POWELL & ASSOCIATES, PLLC
7191 Wagner Way, Suite 202
Gig Harbor, WA 98335
Office 206-618-1753

**2.    Reconstruction.**

3.15    Defendants knew that as soon as the remediation work was completed, reconstruction work would need to commence with urgency.  The loss of rental income coverage under the Policy is limited to the actual loss sustained **up to 12 months,** which means the damaged rental units had to be repaired and available to rent no later than November 7, 2020 unless Defendants would extend the coverage period.

3.16    On November 27, 2019, Servpro provided EMA with a reconstruction estimate in the amount of $145,216.09.  EMA responded in mid-December advising the Defendants had obtained another reconstruction estimate from American Technologies Inc. ("ATI") for $240,005.46.  Plaintiff relied on Defendants to select the contractor, and to arrange for payment of the associated costs.  Defendants never approved or hired any contractor to commence the repair work.

3.17    On March 10, 2020, Defendants advanced $45,000 to Plaintiff with the cryptic comment: "Building Repairs Advance".  With no contractor having been hired, Plaintiff had no idea what he was supposed to do with the money.

3.18    On April 22, 2020, Plaintiff wrote to Defendants advising:

> My lost rents are more than $35,000 now, I am a retired person, and the rental income is my main source of income.  Please speed up the process so I can start reconstruction and put property back on rental market.

Defendants responded on April 24, 2020, apologizing for the delay and telling Plaintiff they were working on the loss adjustment.

3.19    Between April 24, 2020 and June 29, 2020, Plaintiff wrote to Defendants at least four times asking what was happening on the claim—the remediation payment, the repair work and the lost rental income claim.  On June 29, 2020 he wrote: "What is new on my claim?  It has been 7 months and I really need to start construction."

**AMENDED COMPLAINT -6**

JED POWELL & ASSOCIATES, PLLC
7191 Wagner Way, Suite 202
Gig Harbor, WA 98335
Office 206-618-1753

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

3.20     On July 2, 2020, Defendants wrote to Plaintiff reminding him they had issued a check in the amount of $45,000 to start reconstruction and advised that they were reviewing the repair/reconstruction estimates—presumably referring to those provided by Servpro and ATI. Plaintiff still had no idea what he was supposed to do with the $45,000, so he wrote again to Defendants asking for an update on his claim and for guidance.

3.21     On July 29, 2020, Defendants sent another check to Plaintiff, this time for $127,256.63. Defendants provided the following cryptic description of what the money was for: "$110,264.51 RCV building repairs, $72,581.17 RCV mitigation; less $9,589.05 depreciation, $1,000 deductible, $45,000 advance." At this time, Defendants had paid $155, 264.51 towards the cost of reconstruction. This was nearly $100,000 less than what ATI had bid to do the work and while it was enough to have covered Servpro's initial estimate, Servpro was not going to enter into a contract to do any further work until they were paid for the remediation work.

3.22     On August 3, 2020, Plaintiff wrote to Defendants to let them know he received the checks: "Received your overnight check. The approved amounts are short from actual billing and reconstruction estimates. What should I do from here?" On August 6, 2020, Defendants wrote back to Plaintiff saying they were trying to work with Servpro but Servpro was not cooperating. This was not true.

3.23     Defendants have never hired a contractor to undertake the reconstruction work and no reconstruction has commenced.

**AMENDED COMPLAINT** -7

JED POWELL & ASSOCIATES, PLLC
7191 Wagner Way, Suite 202
Gig Harbor, WA 98335
Office 206-618-1753

**3.      Lost rental income**

3.24     In the fire, five rental units were destroyed:  units #101, 102, 201, 202 and 301.
Plaintiff made a claim for loss of rents for all five units, and with the claim provided a copy of
the five lease agreements.

3.25     On November 15, 2019, Defendants wrote to Plaintiff advising they had not
received a copy of the lease for unit 301.  Plaintiff advised he had sent it.  Shortly thereafter
Defendants apologized and acknowledged they had received a copy.  Then on November 30,
2019, EMA advised they had been provided leases for only units 101, 102, 201 and 202, and
they requested rent rolls and the Profit and Loss Statement from 2018.  Plaintiff provided another
copy of the lease for unit 301 and the other requested documentation.

3.26     On January 29, 2020, Plaintiff wrote to EMA: "I haven't heard anything from Bill
at the insurance company, left few messages in the past week.  No reply yet.  Really need some
response from you or them. Thanks."  EMA responded the same day: "Still no check?  Have
repairs begun?"

3.27     Between January 29, 2020 and July 24, 2020, Plaintiff wrote to Defendants
and/or EMA no less than ten times asking for an update on his claim.  Finally, on July 27, 2020,
Defendants wrote to advise they had just retained an accounting expert, TD Davidson, "to deal
with the rent loss calculation."  On that day, Defendants provided TD Davidson with a copy of
all the rent loss reports, documents and leases.

3.28     On August 7, 2020, TD Davidson wrote to Plaintiff asking for current leases on
some units, for bank records in excel, and other financial records.  Plaintiff promptly provided
the requested information.

**AMENDED COMPLAINT -8**

3.29   On August 21, 2020, Plaintiff wrote to TD Davidson:

> How is the progress of my claim?  I filed the claim almost 10 months ago with a very slow process.  I am a retired person, rental income is the main source of my income.  I have been suffering with great financial hardship the past ten months.  Needless to say, please kindly process my claim asap.  Thank you.

3.30   On September 8, 2020, Plaintiff wrote to TD Davidson:  "Any progress on this."

TD Davidson responded that they were preparing an analysis to send to the insurer.

3.31   On September 10, 2020, Plaintiff wrote to TD Davidson to express his concern

that his lost rental income claim might be barred by the 12 month limitation in the Policy

because with no reconstruction contract in place there was no way the Property was going to

be repaired and rentable within that 12 month period.  He wrote: "I don't know how it works."

TD Davidson responded: "Can you please send the 2019 Tax Return, and how many units were

not damaged and what is their rent on a monthly basis."  Other than the 2019 tax return, this

was all information that Plaintiff had previously provided, more than once, to Defendants.

3.32   On September 17 and 18, 2020, Plaintiff wrote to TD Davidson asking about the

status of the adjustment of his claim.  He asked: "Please let me know what do I need to do next

to extend coverage so the 12 month limit on lost rents does not bar the claim."  No one

responded.

3.33   As of November 7, 2020, Plaintiff's lost rents total at least $89,100.  Defendants

have refused to conclude its loss adjustment and has not paid one cent towards that claim.

3.34   Between November 7, 2019 and October 1, 2020, Plaintiff sent more than a

dozen emails to Defendants and their agents asking for an update on all elements of his claim.

Plaintiff repeatedly told Defendants that the delay in the loss adjustment effort and the failure to

**AMENDED COMPLAINT** -9

JED POWELL & ASSOCIATES, PLLC
7191 Wagner Way, Suite 202
Gig Harbor, WA 98335
Office 206-618-1753

pay was crushing him financially and emotionally.  Over and over again Plaintiff asked

Defendants for help because he did not understand the process and did not know what to do.

Many of his pleas for help and direction were ignored.

3.35    Finally, Plaintiff was compelled to hire counsel.  On October 2, 2020, Plaintiff's

counsel wrote to Defendants:

> Mr. Lee, Guard's insured, has been nearly ruined by the manner in which you have
> conducted (failed to conduct) your loss investigation and adjustment of this matter.   The
> loss adjustment has not been concluded. The loss has not been paid.  Servpro is not paid
> and is threatening a lawsuit and foreclosure.  The building has not been repaired.  And to
> our knowledge no one from Guard has done anything with the loss of rents claim.  We
> are hard pressed to see how Guard and its agents have acted in good faith in any respect
> in this matter, but we invite you to show us otherwise.
>
> Please provide us a copy of all correspondence that has issued between Guard and anyone
> in this matter.  This includes, but is not limited to, your correspondence with Servpro,
> Servpro's lawyers, and Mr. Lee.  We need this information immediately so that we can
> understand fully what Guard has done and not done on this matter.

Defendants did not respond.

3.36    On October 6, 2020, Plaintiff's counsel wrote to Defendants again:  "We cannot

overstate the urgency of this matter.  We anticipated a quick response to our October 2, 2020

letter.  Please respond and provide the requested information."  Defendants did not respond.

3.37    Defendants have violated RCW 48.30.015 by repeatedly and continuously

violating the   provisions of Washington Administrative Code 284-30-33, 350, 360, 370 and 380,

all as more fully described above.

3.38    On October 12, 2020, in compliance with RCW 48.30.015 (8)(a), Plaintiff

provided both Berkshire Hathaway Guard Insurance Companies and the Office of the Insurance

Commissioner the required twenty day notice of Plaintiff's intent to file this lawsuit and assert a

**AMENDED COMPLAINT -**10

JED POWELL & ASSOCIATES, PLLC
7191 Wagner Way, Suite 202
Gig Harbor, WA 98335
Office 206-618-1753

claim for treble damages and other appropriate damages including, but not limited to, fees and costs, pursuant to RCW 48.30.015 (2) and (3).  On November 12, 2020, out of an abundance of caution, Plaintiff provided a second notice of his intention to file this lawsuit, this time sending the notice to Defendant AmGUARD Insurance Company and the Office of the Insurance Commissioner.  Defendants have made no effort to conclude the loss adjustment and either pay or settle this matter and the twenty days-notice provided to both Defendants has elapsed.

### IV.   FIRST CAUSE OF ACTION—DECLARATORY JUDGMENT (28 U.S.C. § 2201)   RE: COVERAGE

4.1   The foregoing paragraphs are re-alleged.

4.2   There is a genuine and bona fide dispute between Plaintiff and Defendants concerning whether the Policy provides coverage in connection with the property damage and resulting claims.

4.3   Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. Plaintiff requests that the Court declare that the Policy provides coverage for Plaintiff's claims.

4.4   A declaratory judgment action is appropriate to determine coverage under an insurance policy in cases such as this where a dispute exists as to coverage.

### V.   SECOND CAUSE OF ACTION—BREACH OF COVERAGE

5.1   The foregoing paragraphs are re-alleged.

5.2   Defendants have a contractual duty to Plaintiff to provide coverage for his property, rental income and other losses and to act reasonably and in good faith in the investigation and adjustment of his claim.  Defendants' handling of the claim, delay in and failure to make a coverage determination, and refusal to pay the fair value of the claims as

AMENDED COMPLAINT -11

JED POWELL & ASSOCIATES, PLLC
7191 Wagner Way, Suite 202
Gig Harbor, WA 98335
Office 206-618-1753

required by the Policy, breaches Defendants' contractual duties.  Plaintiff complied with all

applicable conditions precedent under the Policy which were not waived by Defendants.

5.3     As a direct and proximate result of Defendants' breach of the insurance contract,

Plaintiff has suffered damages, and continues to suffer damages, in an amount to be proven at

trial.

5.4     Plaintiff is also entitled to recover attorney's fees and costs as provided under

*Olympic Steamship Company, Inc. v. Centennial Insurance Company,* 117 Wn.2d 37, 84 P.2d

673 (1991).

**VI.     THIRD CAUSE OF ACTION—BAD FAITH CLAIMS HANDLING**

6.1     The foregoing paragraphs are re-alleged.

6.2     Defendants' handling of Plaintiff's insurance claim, as described in this

Complaint, constitutes the tort of bad faith.  As a direct and proximate result of Defendants' bad

faith, Plaintiff has suffered damages in an amount to be proven at trial.

**VII.    FOURTH CAUSE OF ACTION—CONSUMER PROTECTION ACT
VIOLATIONS**

7.1     The foregoing paragraphs are re-alleged.

7.2     Defendants' actions, as described in this Complaint, constitute a violation of

Washington's Consumer Protection Act, RCW 19.86 et seq.  As a direct and proximate result of

Defendants' violations of RCW 19.86, Plaintiff has suffered damages in an amount to be proven

at trial, including, but not limited to, fees, costs, and statutory exemplary damages.

**VIII.   FIFTH CAUSE OF ACTION—VIOLATION OF RCW 48.30.015**

8.1     The foregoing paragraphs are re-alleged.

8.2     Defendants have violated RCW 48.30.015 by repeatedly and continuously

violating the provisions of Washington Administration Code 284-30, including but not limited to

**AMENDED COMPLAINT** -12

JED POWELL & ASSOCIATES, PLLC
7191 Wagner Way, Suite 202
Gig Harbor, WA 98335
Office 206-618-1753

paragraphs 330, 350, 360, 370 and 380.  As a direct and proximate result of Defendants'

violations of RCW 48.30.015, Plaintiff has suffered damages in an amount to be proven at trial,

including but not limited to, treble damages, fees and costs.

## IX.    RESERVATION OF RIGHTS

9.1     The foregoing paragraphs are re-alleged.

9.2     Plaintiff reserves the right to amend this Complaint to allege any additional Policy

provisions or claims which may be relevant to this matter.

## X.    PRAYER FOR RELIEF

Plaintiff requests that the Court enter judgment against Defendants as follows:

10.1     An order declaring all of the relative rights and responsibilities of the parties

under the Policy at issue herein pursuant to 28 U.S.C. § 2201.

10.2     An order declaring Defendants breached the insurance contract.

10.3     An award of all damages proximately caused by Defendants' breach of contract

and bad faith.

10.4     An award of all allowable attorney fees and costs, including those incurred by

Plaintiff for being forced to sue to obtain the benefits of the insurance contract.

10.5     An award of exemplary damages to the extent available under the Consumer

Protection Act, RCW 19.86 et seq., and any other applicable law.

10.6     An award of treble damages, fees and costs pursuant to RCW 48.30.015.

10.7     An award of pre and post-judgment interest.

10.8     Plaintiff requests such other and further relief, whether legal or equitable, as this

Court deems just and proper.

**AMENDED COMPLAINT -**13

JED POWELL & ASSOCIATES, PLLC
7191 Wagner Way, Suite 202
Gig Harbor, WA 98335
Office 206-618-1753

1

**DATED** this 4th day of December, 2020.

2

                                          **JED POWELL & ASSOCIATES, PLLC**

3

4

                                     */s/ John E.D. Powell*

                                     John E. D. Powell, WSBA No. 12941

5

                                     7191 Wagner Way, Suite 202

6

                                     Gig Harbor, WA 98335

                                     Email: jed@jedpowell.com

7

                                     *Attorneys for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**AMENDED COMPLAINT -**14

JED POWELL & ASSOCIATES, PLLC
7191 Wagner Way, Suite 202
Gig Harbor, WA 98335
Office 206-618-1753