UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIT LEE, an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>AMGUARD INSURANCE COMPANY, a foreign insurance corporation,<br><br>  Defendant. | NO. 2:20-cv-01634-BJR<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendant AmGUARD Insurance Company ("Defendant"), by and through its counsel of record, Neal J. Philip and Gordon Rees Scully Mansukhani, LLP, answers the Second Amended Complaint ("Complaint") filed by plaintiff ("Plaintiff") and asserts Affirmative Defenses as follows:

**ANSWER**

**I.   NATURE OF ACTION**

1.   Defendant admits that the Complaint speaks for itself.  All other allegations are denied.

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT - 1
No. 2:20-cv-01634-BJR

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

## II. PARTIES, JURISDICTION AND VENUE

2.1   Admit.

2.2   Defendant admits that Plaintiff purchased the Policy and admits that the Policy speaks for itself. Answering further, Defendant lacks knowledge or information regarding the remaining allegations in this paragraph sufficient to form a belief about the truth of those allegations and therefore is unable to answer those allegations.

2.3   Admit.

2.4   Defendant admits it insured the Property and the Plaintiff subject to the terms, conditions, and exclusions in the Policy.  All other allegations are denied.

2.5   Admit.

## III. RELEVANT FACTS

**A.   The Insurance Contract.**

3.1   Defendant admits that Plaintiff purchased the Policy from Defendant, which speaks for itself and provides coverage subject to its terms, conditions, and exclusions.  All other allegations are denied.

3.2   Defendant admits the Policy provided coverage subject to its terms, conditions, and exclusions, and had a policy period of October 30, 2019 to October 30, 2020.  All other allegations are denied.

3.3   Defendant admits the Policy provided coverage subject to its terms, conditions, and exclusions.  All other allegations are denied.

**B.   The Loss Event.**

3.4   Defendant lacks knowledge or information regarding the allegations in this paragraph sufficient to form a belief about the truth of these allegations and therefore is unable to answer this paragraph.

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT - 2
No. 2:20-cv-01634-BJR

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

3.5     Defendant admits that Plaintiff notified Defendant of an alleged loss and Defendant provided a claim number to Plaintiff. Answering further, Defendant admits it retained EMA on or about November 11, 2019. Defendant lacks knowledge or information regarding the remaining allegations in this paragraph sufficient to form a belief about the truth of those allegations and therefore is unable to answer those allegations.

3.6     Defendant admits that Plaintiff emailed EMA on November 27, 2019, that EMA responded later that day, and that the email correspondence speaks for itself. Defendant denies any remaining allegations in this Paragraph.

**C.    Claims Handling.**

**1.    Remediation.**

3.7     Defendant admits that the relevant contract speaks for itself.  Defendant denies that it never objected to the work being done on a time and materials basis.  Defendant lacks knowledge or information regarding the remaining allegations in this paragraph sufficient to form a belief about the truth of those allegations and therefore is unable to answer those allegations.

3.8     Defendant admits that the Servpro invoice and the relevant correspondence speaks for themselves.  Defendant lacks knowledge or information regarding the remaining allegations in this paragraph sufficient to form a belief about the truth of those allegations and therefore is unable to answer those allegations.

3.9     Defendant admits that the relevant correspondence speaks for itself.  Defendant lacks knowledge or information regarding the remaining allegations in this paragraph sufficient to form a belief about the truth of those allegations and therefore is unable to answer those allegations.

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT - 3
No. 2:20-cv-01634-BJR

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

3.10   Defendant admits it received communication from Plaintiff dated March 23, 2020 and that the lien and the March 23, 2020 communication speaks for itself, and that it did not respond to the March 23, 2020 letter. Defendant lacks knowledge or information regarding the remaining allegations in this paragraph sufficient to form a belief about the truth of those allegations and therefore is unable to answer those allegations.

3.11   Defendant admits it sent $45,000 to Plaintiff as an advance for building construction on or about March 16, 2020, and $72,581.17 on or about July 29, 2020, and that Defendant stated that it does not accept work performed on a Time and Materials basis. Defendant lacks knowledge or information regarding the remaining allegations in this paragraph sufficient to form a belief about the truth of those allegations and therefore is unable to answer those allegations.

3.12   Defendant admits it wrote Plaintiff on or about August 6, 2020, that this email speaks for itself, and that Servpro had not provided information requested by Defendant. Defendant lacks knowledge or information regarding the remaining allegations in this paragraph sufficient to form a belief about the truth of those allegations and therefore is unable to answer those allegations.

3.13   Defendant admits it received an August 7, 2020 communication from Servpro, that this communication speaks for itself, and that Defendant did not directly respond in writing.  Defendant lacks knowledge or information regarding the remaining allegations in this paragraph sufficient to form a belief about the truth of those allegations and therefore is unable to answer those allegations.

3.14   Defendant admits that on or about March 16, 2020, it sent $45,000 to Plaintiff as an advance for building construction. Defendant admits that on or about July 29, 2020, it sent Plaintiff $72,581.17 for mitigation expenses. Defendant states that the lien speaks for itself.

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT - 4
No. 2:20-cv-01634-BJR

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

Defendant admits that on or about November 18, 2020, Plaintiff tendered a lawsuit filed by Servpro against Plaintiff to Defendant and that the lawsuit speaks for itself. Defendant lacks knowledge or information regarding the remaining allegations in this paragraph sufficient to form a belief about the truth of these allegations and therefore is unable to answer those allegations.

**2.   Reconstruction.**

3.15   Defendant admits the Policy provided coverage subject to its terms, conditions, and exclusions. Defendant lacks knowledge or information regarding the remaining allegations in this paragraph sufficient to form a belief about the truth of those allegations and therefore is unable to answer those allegations.

3.16   Defendant admits Servpro provided EMA with a reconstruction estimate of $145,216.09 on or about November 27, 2019, ATI provided a reconstruction estimate for $240,005.46, and upon information and belief Plaintiff chose Servpro for repairs, not ATI. Defendant denies the remaining allegations in this paragraph.

3.17   Defendant admits it sent Plaintiff a $45,000 advance for building construction on or about March 16, 2020. Defendant denies the remaining allegations in this paragraph.

3.18   Defendant admits it received an email from Plaintiff on or about April 22, 2020 and Defendant responded by email on April 24th, and the content of these emails speak for themselves.

3.19   Defendant admits it received an email on or about June 29, 2020 from Plaintiff, the content of which speaks for itself. Defendant lacks knowledge or information regarding the remaining allegations in this paragraph sufficient to form a belief about the truth of these allegations and therefore is unable to answer those allegations.

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT - 5
No. 2:20-cv-01634-BJR

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

3.20   Defendant admits it wrote to Plaintiff regarding the $45,000 payment on or about July 2, 2020. Defendant lacks knowledge or information regarding the remaining allegations in this paragraph sufficient to form a belief about the truth of these allegations and therefore is unable to answer those allegations.

3.21   Defendant admits that on July 27, 2020, Defendant provided Plaintiff with a full breakdown of the calculation of the repair and mitigation payments and that as of July 29, 2020, it had paid Plaintiff $155,264.51 towards cost of reconstruction and $72,581.17 towards mitigation. Defendant states that the documents relating to these payments speak for themselves. Defendant lacks knowledge or information regarding the remaining allegations in this paragraph sufficient to form a belief about the truth of these allegations and therefore is unable to answer those allegations.

3.22   Defendant admits it received an email from Plaintiff on or about August 3, 2020, and Defendant responded by email on August 6th, and the content of these emails speak for themselves. Defendant denies all other allegations in this paragraph.

3.23   Defendant admits that it was Plaintiff's obligation to hire a contractor for reconstruction and that Plaintiff did not do so. Defendant denies any remaining allegations in this paragraph.

**3.   Lost Rental Income.**

3.24   Admit Plaintiff made a claim for loss of rents for units # 101, 102, 201, 202, and 301. Defendant denies any remaining allegations in this paragraph.

3.25   Defendant admits Mark Crowley of EFI Global, Inc. corresponded with Plaintiff on or about November 15, 2019, that EMA corresponded with Plaintiff on or about November 30, 2019, and the content of these emails speak for themselves. Defendant lacks knowledge or

DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT - 6
No. 2:20-cv-01634-BJR

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

information regarding the remaining allegations in this paragraph sufficient to form a belief about the truth of these allegations and therefore is unable to answer those allegations.

3.26  Defendant admits that the January 29, 2020 emails speaks for themselves. Defendant lacks knowledge or information regarding the remaining allegations in this paragraph sufficient to form a belief about the truth of these allegations and therefore is unable to answer those allegations.

3.27  Defendant admits that the July 27, 2020 email speaks for itself and that Defendant provided TD Davidson with a copy of the rent loss reports, documents, and leases on that day. Defendant lacks knowledge or information regarding the remaining allegations in this paragraph sufficient to form a belief about the truth of these allegations and therefore is unable to answer those allegations.

3.28  Defendant admits that the August 7, 2020 email speaks for itself. Defendant lacks knowledge or information regarding the allegations in this paragraph sufficient to form a belief about the truth of these allegations and therefore is unable to answer those allegations.

3.29  Defendant admits that the August 21, 2020 email speaks for itself. Defendant lacks knowledge or information regarding the allegations in this paragraph sufficient to form a belief about the truth of these allegations and therefore is unable to answer those allegations.

3.30  Defendant admits that the September 8, 2020 email speaks for itself. Defendant lacks knowledge or information regarding the allegations in this paragraph sufficient to form a belief about the truth of these allegations and therefore is unable to answer those allegations.

3.31  Defendant admits that the September 10, 2020 email speaks for itself. Defendant lacks knowledge or information regarding the allegations in this paragraph sufficient to form a belief about the truth of these allegations and therefore is unable to answer those allegations.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT - 7
No. 2:20-cv-01634-BJR

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

3.32    Defendant admits that the September 17th and 18th, 2020 emails speaks for themselves. Defendant lacks knowledge or information regarding the allegations in this paragraph sufficient to form a belief about the truth of these allegations and therefore is unable to answer those allegations.

3.33    Defendant lacks knowledge or information regarding the amount of Plaintiff's alleged lost rentals sufficient to form a belief about the truth of these allegations and therefore is unable to answer those allegations. Defendant denies the remaining allegations in this paragraph.

3.34    Defendant admits Plaintiff wrote to Defendant between November 7, 2019 and October 1, 2020. Defendant denies the remaining allegations in this paragraph.

3.35    Defendant admits that the October 2, 2020 letter speaks for itself. Defendant denies the remaining allegations in this paragraph.

3.36    Defendant admits that the October 6, 2020 letter speaks for itself. Defendant denies the remaining allegations in this paragraph.

3.37    Deny.

3.38    Defendant admits that the October 12, 2020 and November 12, 2020 letters speak for themselves. The remaining allegations in this paragraph contain legal conclusions and questions of law to which no response is required. To an extent a response is required, Defendant denies these allegations.

IV.    **FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT (28 U.S.C. § 2201 RE: COVERAGE)**

4.1    Defendant incorporates its prior answers to each of Plaintiff's realleged allegations.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT - 8
No. 2:20-cv-01634-BJR

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

4.2 This paragraph sets forth legal conclusions and questions of law to which no response is required. To an extent a response is required, Defendant denies those allegations.

4.3 Deny.

4.4 Deny.

## V. SECOND CAUSE OF ACTION – BREACH OF COVERAGE

5.1 Defendant incorporates its prior answers to each of Plaintiff's realleged allegations.

5.2 Deny.

5.3 Deny.

5.4 Deny.

## VI. THIRD CAUSE OF ACTION – BAD FAITH CLAIMS HANDLING

6.1 Defendant incorporates its prior answers to each of Plaintiff's realleged allegations.

6.2 Deny.

## VII. FOURTH CAUSE OF ACTION – CONSUMER PROTECTION ACT VIOLATIONS

7.1 Defendant incorporates its prior answers to each of Plaintiff's realleged allegations.

7.2 Deny.

## VIII. FIFTH CAUSE OF ACTION – VIOLATION OF RCW 48.30.015

8.1 Defendant incorporates its prior answers to each of Plaintiff's realleged allegations.

8.2 Deny.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT - 9
No. 2:20-cv-01634-BJR

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

## IX. RESERVATION OF RIGHTS

9.1 Defendant incorporates its prior answers to each of Plaintiff's realleged allegations.

9.2 Defendant is not required to respond to this paragraph as no allegations are made against it. To the extent a response is required, Defendant denies any allegations in this paragraph.

## X. PRAYER FOR RELIEF

Defendant asks that all of the relief requested by plaintiff be denied.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state facts sufficient to constitute a cause or causes of action against Defendant.

2. Defendant contends that in the event there is found to be fault on its part that in any manner or degree contributed to plaintiff's claimed damages, that a finding should be made apportioning the comparative fault of any or all other parties or persons who may have contributed to the plaintiff's alleged damages, whether named to this action or otherwise, including plaintiff. Defendant reserves its right to seek contribution from those at fault pursuant to RCW 4.22.050.

3. Plaintiff's claims are barred to the extent the assumption of risk doctrine applies.

4. Plaintiff failed to mitigate, minimize, or avoid damages allegedly caused by Defendant, and Defendant is therefore entitled to have any sum to which Plaintiff is entitled reduced by such sums as would have been mitigated, minimized or avoided.

5. A causal connection does not exist between any act by Defendant and the injuries/damages claimed by plaintiff in this case.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT - 10
No. 2:20-cv-01634-BJR

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

6. Plaintiff's claims for damages are barred to the extent his injuries or damages were caused in whole or in part by his negligence.

7. Plaintiff's claims are barred to the extent he or those acting on his behalf failed to preserve evidence.

8. The damages allegedly sustained by plaintiff were not legally caused by Defendant, but instead were caused by intervening and/or superseding causes or circumstances.

9. Plaintiff's alleged injuries, losses, or damages were caused by the actions, negligence, carelessness, fault, or omissions of third parties over whom Defendant had no control or responsibility.

10. Plaintiff's claims against Defendant are barred to the extent they were made after the applicable statute of limitations.

11. Plaintiff's claims are barred to the extent he has failed to join a necessary and/or indispensable party.

12. Plaintiff's claims are barred to the extent discovery or investigation demonstrates that the doctrines of waiver, estoppel and/or laches apply.

13. Plaintiff is not entitled to attorneys' fees under any act or theory that forms the basis of Plaintiff's claims.

14. Plaintiff's claims are barred to the extent the doctrines of issue or claim preclusion apply.

15. Defendant is entitled to an offset with respect to any monies paid to Plaintiff regarding the claims made in this lawsuit.

Defendant gives notice that it may rely upon any other defense asserted by any other defendant or that may become available during the discovery proceedings in this case and hereby reserves its right to amend its answer to assert any such defense. Defendant also reserves the

AFFIRMATIVE DEFENSES TO PLAINTIFF'S
SECOND AMENDED COMPLAINT - 11
No. 2:20-cv-01634-BJR

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

right to assert other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a state other than Washington.

## **PRAYER FOR RELIEF**

WHEREFORE, having fully answered the allegations contained in the Complaint, and having asserted affirmative defenses, Defendant requests that:

1. This Court dismisses Plaintiff's Complaint with prejudice;
2. Defendant be awarded reasonable attorneys fees and costs; and
3. The Court grants such further relief as it deems just and proper.


Dated:  March 26, 2021

GORDON REES SCULLY MANSUKHANI, LLP


By: *s/Neal J. Philip*
    Neal J. Philip, WSBA #22350
*Attorneys for Defendant AmGUARD Insurance Company*
Gordon Rees Scully Mansukhani, LLP
701 Fifth Avenue, Suite 2100
Seattle, WA 98104
Phone: (206) 695-6642
Fax: (206) 689-2822
Email: nphilip@grsm.com

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT - 12
No. 2:20-cv-01634-BJR

**GORDON REES SCULLY MANSUKHANI, LLP**
701 Fifth Avenue, Suite 2100
Seattle, WA  98104
Telephone: (206) 695-5100
Facsimile: (206) 689-2822

1226093/57365023v.1